OPINION
Defendant-appellant Howard Michael House appeals from his conviction and sentence following his plea of guilty to twelve counts of Gross Sexual Imposition Involving Victims Under the Age of Thirteen. The plea was made despite a protestation of innocence, pursuant to North Carolina v. Alford (1970), 400 U.S. 25, 91 Sup.Ct. 160, 27 L.Ed.2d 162. House contends that the trial court abused its discretion when it denied his motion to withdraw his plea.
We conclude that the trial court did not abuse its discretion, because House's justification for the withdrawal of his plea was the discovery of evidence that would improve his chances of acquittal, but the only evidence he was able to demonstrate was inadmissible hearsay. Accordingly, the judgment of the trial court is Affirmed.
 I
In 1992, House was tried on four counts of Rape, seven counts of Gross Sexual Imposition, and one count of Felonious Penetration. He was convicted, and sentenced accordingly. After an initial appeal, his conviction and sentence was affirmed.
Later, House succeeded in reopening his appeal, and his conviction was reversed. On remand, two weeks before trial, and after extensive plea negotiations, a plea bargain was entered into wherein House pled guilty to twelve counts of Gross Sexual Imposition Involving Victims Under the Age of Thirteen, and all other charges were dismissed. This plea was tendered and accepted as an Alford plea, pursuant to North Carolina v. Alford, supra; that is, House pled guilty to the reduced charges despite continuing to maintain his innocence, based upon his calculation that it was in his best interests to do so.
Before sentencing, House filed a motion to withdraw his plea. An evidentiary hearing was held on the motion. Following the hearing, the trial court denied the motion. A judgment of conviction was entered, and House was sentenced accordingly. From his conviction and sentence, House appeals, contending that the trial court erred when it denied his motion to withdraw his plea.
 II
House's sole assignment of error is as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN OVERRULED APPELLANT'S MOTION TO WITHDRAW HIS ALFORD PLEA.
The charges to which House pled guilty alleged sexual contact with three girls, all under the age of thirteen. House, maintaining his innocence, believed that he was the victim of a conspiracy between his ex-wife and another woman, who House believed were in a lesbian relationship, to get him out of the picture. However, House had no proof of his suspicions. Because he could not present any credible evidence to explain why the three girls would be making the allegations against him, he decided to plead guilty while nevertheless maintaining his innocence. He concluded that his chances of avoiding conviction on the charged offenses, which mandated life sentences, would not be good, because the jury would see no reason why the three girls would be lying.
After his plea was tendered and accepted, and before sentencing, House's brother received an e-mail from Joe France, who had married House's ex-wife after House's divorce, and who had subsequently either divorced, or separated with, House's ex-wife. In the e-mail, France said that House's ex-wife had told France that she and the other woman, who France said had been lovers while they were living with House, had had the girls come over to tell them what to say. House testified that this affected his calculation of his best interests:
Q. Then what's different?
 A. We've got new — a third party member coming forward backing up some of this. And I feel it's beneficial and it — would really change my chances in court.
 Q. Are you asking the Court to withdraw your plea for that reason?
A. Yes, I am.
Thus, it appears that House, when he tendered his plea, doubted that he would be able to persuade a jury that the three children were fabricating the allegations against him, but that he revised his estimate of his chances with the jury, based upon the e-mail from Joe France.
At the oral argument of this appeal, House conceded that Joe France's statement would be inadmissible hearsay. Thus, France's statement, by itself, would not have affected House's chances of being acquitted.
One reason for excluding hearsay testimony is its inherent lack of trustworthiness. This is exacerbated where, as here, the person relating the declarant's out-of-court statement acknowledges considerable uncertainty as to just what the declarant said. France acknowledged to House's brother that he could not recall exactly what House's ex-wife said to him. This is especially crucial in view of the fine line between: (1) preparing a witness, especially a child witness, for trial; (2) coaching the witness; and (3) persuading the witness to lie, or to testify to facts regardless of their truth.
France's statement would not have been admissible except to impeach House's ex-wife, if she were to testify that she never told the girls what to say. As the State has pointed out, her testimony was not necessary, and the State could simply have declined to call her. Had House called her, he would have been unable to demonstrate the necessary surprise to justify impeaching his own witness.
It appears that the trial court concluded that it would be too speculative to find, based upon Joe France's e-mail message, alone, that evidence of fabrication by the victims could be developed at trial. Without evidence of fabrication, House would have no rational basis to modify his original calculation that it was in his best interests to accept the plea bargain because the jury would likely believe the three girls.
House seems to be arguing that he should not be required to have a rational basis for changing his calculation — that any revision of his estimate of his chances, however irrational, requires a trial court to exercise its discretion to permit him to withdraw his plea. We disagree.
Even a pre-sentence motion to withdraw a plea is confided to the discretion of the trial court. State v. Xie (1992), 62 Ohio St.3d 521. The issue for the trial court to determine is "whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id., first paragraph of syllabus.
In the case before us, we conclude that the trial court did not abuse its discretion when it found that there was no rational or legitimate basis for the withdrawal of House's plea.
House's sole assignment of error is overruled.
 III
House's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 ____________________ FAIN, J.
BROGAN and GRADY, JJ., concur.